David E. **KAPLAN**, et al., Plaintiffs,

v.

**S.A.C. CAPITAL ADVISORS, L.P.**, et al., Defendants.

**Birmingham Retirement and Relief System, et al., Plaintiffs,**

v.

**S.A.C. Capital Advisors, L.P., et al., Defendants.**

Nos. 12–cv–9350 (VM), 13–cv–2459 (VM).

United States District Court, S.D. New York.

Signed Sept. 28, 2015.

Deborah Clark–Weintraub, Joseph Peter Guglielmo, Thomas Livezey Laughlin, IV, Max Raphael Schwartz, ScottScott LLP, Emma Gilmore, Marc Ian Gross, Tamar Aliza Weinrib, Pomerantz LLP, Ethan David Wohl, Krista Thomas Rosen, Sara Jean Wigmore, Ethan David Wohl, Wohl & Fruchter LLP, New York, NY, Francesco P. Trapani, Peter J. Kreher, Kreher & Trapani LLP, Philadelphia, PA, David P. Abel, Gregg Steven Levin, Joshua C. Littlejohn, Meredith B. Miller, Motley Rice LLC, Mount Pleasant, SC, for Plaintiffs.

Audra Jan Soloway, Daniel Jonathan Kramer, Michael E. Gertzman, Jonathan Hillel Hurwitz, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Martin B. Klotz, Michael Steven Schachter, Sameer Nitanand Advani, Willkie Farr & Gallagher LLP, Jonathan Lee Hochman, Matthew Alan Katz, Schindler Cohen & Hochman, Daniel Prugh Roeser, Larkin M. Morton, Richard Mark Strassberg, Goodwin Procter, LLP, New York, NY, John Owen Farley, Roberto M. Braceras, Good-

win Procter, LLP, Boston, MA, for Defendants.

## *DECISION AND ORDER*

VICTOR MARRERO, District Judge.

### I. *BACKGROUND*

On June 26, 2015, Magistrate Judge Kevin Fox, to whom this matter had been referred for supervision of pretrial proceedings, issued an Order (Dkt. No. 190, "June 26 Order"), in which he (1) granted Plaintiffs' motion to compel the production of documents concerning the indemnification of defendant Mathew Martoma ("Martoma") by defendant S.A.C. Capital Advisors, L.P. and its affiliates, and (2) denied the Defendants' motion to compel the Plaintiffs to produce their litigation funding agreement and related documents.

Martoma subsequently filed objections to the June 26 Order (Dkt. No. 201, "Martoma Objections"), as did defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (collectively, "SAC Defendants") (Dkt. No. 202, "SAC Objections").

This Court ordered a stay of the June 26 Order pending the resolution of the objections raised. (Dkt. No. 206.) The Court then remanded the June 26 Order to Magistrate Judge Fox for a statement of the reasoning and findings supporting it. (Dkt. No. 214.) In response, Magistrate Judge Fox issued an Order dated September 10, 2015 ("September 10 Order"), which (1) vacated the June 26 Order, (2) again granted the Plaintiffs' motion and denied the Defendants' motion, and (3) provided the reasoning and findings supporting those decisions. (Dkt. No. 222.) On September 15, 2015, this Court issued an Order (Dkt. No. 223, "September 15 Order") accepting the September 10 Order in its entirety.

On September 18, 2015, the SAC Defendants filed a letter with the Court ("September 18 Letter") requesting that the Court vacate its September 15 Order and allow the SAC Defendants an opportunity to serve and file objections. (Dkt. No. 224.) The SAC Defendants further assert that the parties submitted additional correspondence to Magistrate Judge Fox in August ("August Letters") that Magistrate Judge Fox explicitly did not consider in preparing the September 10 Order, and that the August Letters are significant and should be considered by this Court. (On file with Chambers.) The Court considered, and was not persuaded by, the Martoma Objections and the SAC Objections when issuing the September 15 Order. The Court now turns to the August Letters.

In the first of the August Letters, the SAC Defendants point to two new developments. First, the Plaintiffs have moved for class certification and in so doing have acknowledged that "proposed class counsels' ability to fund the litigation ... is an element of the adequacy analysis required by Federal Rule of Civil Procedure 23(a)(4)," and that Rule 23(g)(1)(A)(iv) requires examining the resources counsel will commit to representing the class. Yet, the SAC Defendants argue, Plaintiffs offer no evidence other than counsel's unsupported representations that they have the necessary resources to pursue this case. The second development the SAC Defendants point to is that they have deposed the proposed class representatives for the Elan shareholder classes and "none of them were familiar with the terms of the litigation funding agreement or knew the funder's identity." The SAC Defendants argue that "the absent class mem-

bers, the Court, and defendants are all entitled to assess whether the proposed counsel satisfy the requirements of Rule 23" and thus the litigation funding agreement must be disclosed.

In another of the August Letters, the SAC Defendants argue that it is insufficient that David Kaplan, the lead plaintiff in this case, knows the terms of the litigation funding agreement—what matters is that the proposed class representatives do not know the terms. Furthermore, in response to the Plaintiffs' submission of a declaration by David Kaplan testifying to some details of the litigation funding agreement, the SAC Defendants claim Plaintiffs' partial disclosure has waived their objections to full disclosure of the agreement, and thus full disclosure is now warranted.

After reviewing the August Letters, the Court is not persuaded by the SAC Defendants' additional arguments and finds no reason to withdraw or alter the September 15 Order. The Court therefore reaffirms its September 15 Order.

## II. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that the motion of defendants S.A.C. Capital Advisors, L.P., S.A.C. Capital Advisors, Inc., CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC, and Steven A. Cohen (Dkt. No. 224) for withdrawal of the Court's September 15 Order and leave to brief further objections to the Magistrate Judge's September 10 Order is DENIED. **SO ORDERED.**